UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUANGZHOU YOULAN TECHNOLOGY CO.LTD, <br>          Plaintiff, <br><br>     v. <br><br> ONBRILL WORLD, <br>          Defendant. | No. 25-cv-11051 <br><br> Judge Jeremy C. Daniel |

### ORDER

The Court finds that plaintiff's counsel violated Rule 11 because plaintiff's counsel failed to conduct an inquiry reasonable under the circumstances and because plaintiff's counsel made factual contentions without evidentiary support. As a sanction, the Court fines plaintiff's counsel $500, payable to the Clerk of the Court on or before December 5, 2025, and orders plaintiff's counsel to complete two hours of continuing legal education that involves Rule 11, pre-suit investigation, or federal pleading requirements.

### STATEMENT

Procedural History

In its complaint, the plaintiff alleged that the defendant infringed U.S. Patent No. D1,075,331. (R. 1 ¶ 3.)[1] According to the complaint, the defendant "attempts to conceal both its identity and the full scope and interworking of its operation." (R. 1 ¶ 4.) On information and belief, the complaint alleged "Defendant regularly creates new online marketplace accounts on various platforms using the identity listed in Schedule A (Sealed) to the Complaint, as well as other unknown fictitious names and addresses." (R. 1 ¶ 13.) The plaintiff further alleged that, "[i]n addition to operating under multiple fictitious names, the Defendant in this case and Defendant in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts." (R. 1 ¶ 14.)

The plaintiff continued to allege that the defendant operated under a false name in subsequent pleadings. In its memorandum in support of its motion for a temporary

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

restraining order and other relief, plaintiff's counsel stated, "[e]lectronic service is appropriate and necessary in this case because the Defendant, on information and belief: (1) has provided false name and physical address information in its registration for the Defendant Online Marketplace Accounts in order to conceal their locations and avoid liability for its unlawful conduct." (R. 7 at 20.) Plaintiff's counsel further stated, "[p]ast investigation and discovery of Online Marketplace Accounts in similar cases reveal that the Defendant appears to have provided false physical address information to the online marketplaces in order to avoid full liability." (R. 7 at 21.) Plaintiff's counsel submitted a declaration in support of that statement, declaring that, "[i]t is my experience, in other similar cases, that Defendant do [sic] not provide accurate addresses of their businesses." (R. 7-1 ¶ 8.)

At the October 16, 2025, hearing on the plaintiff's motion for a temporary restraining order and other relief, the Court asked plaintiff's counsel whether he had any experience with this particular defendant. He did not. When asked whether he needed early discovery from a third-party platform to know who the defendant was and where the defendant was located, plaintiff's counsel indicated that he did. The Court expressed concern that the plaintiff was trying to skip a step by forgoing any attempt at traditional service in favor of alternative service by electronic means. Plaintiff's counsel insisted that electronic service was appropriate. The Court cautioned plaintiff's counsel that it would start asking about any investigation plaintiff's counsel conducted with respect to his justifications for alternative service if plaintiff's counsel continued.

Plaintiff's counsel continued, so the Court asked plaintiff's counsel, "[h]ow can you stand there in good faith and tell me things about who [the defendant is] and how they operate if you have already told me you do not know that?" The Court then turned to the plaintiff's motion and noted that plaintiff's counsel claimed that the defendant provided a false name and physical address. Plaintiff's counsel responded that he was not able to verify whether the information listed on the third-party platform was correct. Plaintiff's counsel then explained that he knew the brand name but not the plaintiff's true name. When specifically asked what his good faith basis was for asserting the defendant provided a false name, plaintiff's counsel responded, "[g]ood faith basis that it is false, I cannot verify it." When questioned further, plaintiff's counsel acknowledged that an inability to verify something does not render it false.

The Court then issued a written order concerning the plaintiff's motion for a temporary restraining order and other relief. (R. 12.) The Court ordered plaintiff's counsel "to show cause why the following conduct has not violated Rule 11(b): (1) stating in Dkt. No. 7 at 21 that 'Past investigation and discovery of Online Marketplace Accounts in similar cases reveal that the Defendant appears to have provided false physical address information to the online marketplaces in order to avoid full liability' and in Dkt. No. 7-1 ¶8 that 'It is my experience, in other similar cases, that Defendant do not provide accurate addresses of their businesses' when,

2

during the motion hearing, plaintiff's counsel admitted that he had not dealt with this defendant before; and (2) the plaintiff's failure to conduct a reasonable inquiry under the circumstances as to the identity of the defendant prior to claiming that the defendant provided a false name and physical address in Dkt. No. 7 at 20 and claiming that the defendant is not amenable to traditional means of service when the plaintiff made no effort to determine whether that was true."

In his response, plaintiff's counsel represented that he established that the defendant is located in China and that he was not able to confirm the defendant's address. (R. 13 at 1-2.) Plaintiff's counsel explained that he relied on his paralegal, Mr. Shen, who is a licensed attorney in China, to meet with clients in China. (*Id.* at 2.) Plaintiff's counsel further represented that, because he does not speak Chinese, he relied on Mr. Shen and his client for information about the defendant's name and address. (*Id.*) Plaintiff's counsel stated that he, through Mr. Shen, "obtained detailed information on the defendant in this case," and that he and his associate "held a reasonable reliance that we would not be able to locate the true name and address of the defendant." (*Id.* at 4.)

In his declaration in support of his response to the rule to show cause order, plaintiff's counsel stated, "I understood that the location of the defendants provided by Plaintiff was unknown." (R. 13-1 ¶ 4.) He further stated, "[he] reasonably relied upon statements that the true names and addresses of the defendants were not available." (*Id.* ¶ 5.) Plaintiff's counsel also submitted a declaration from Mr. Shen. (R. 13-2.) Mr. Shen stated that he asked the plaintiff for information about the defendant, (R. 13-2 ¶ 4), and that the plaintiff "was unable to determine the actual identities of those sellers, as the information displayed on Amazon may not reflect the true entities or individuals behind the stores." (R. 13-2 ¶6.)

Findings

The Court finds that plaintiff's counsel failed to conduct a reasonable inquiry under the circumstances prior to claiming that the defendant, "on information and belief . . . has provided false name and physical address information in its registration for the Defendant Online Marketplace Accounts in order to conceal their locations and avoid liability for its unlawful conduct." (R. 7 at 20.) The record shows that neither the plaintiff nor plaintiff's counsel knew that to be the case.[2] The record further shows that neither the plaintiff nor plaintiff's counsel had any prior experience with the defendant, which means that neither had a basis to form any beliefs as to the defendant's identity or location. Further, the record shows that plaintiff's counsel did

---

[2] The inconsistencies in the record concern the Court. Mr. Shen wrote in his declaration that the plaintiff told him that the defendant "may" use a false name. (R. 13-2 ¶6.) At the rule to show cause hearing, plaintiff's counsel insisted that Mr. Shen told him during a telephone conversation that the defendant did use a false name. Both could be true; the Court understands how the game of telephone works. But that underscores the need to conduct a reasonable inquiry into the defendant's name and address prior to claiming that the defendant uses a false name and address.

3

nothing to investigate the defendant's identity or location. Plaintiff's counsel confirmed as much at the rule to show cause hearing; when asked "did you do anything to verify the information that the client provided to you," plaintiff's counsel replied, "Me, myself, no."

"Rule 11 does not require lawyers to conduct 'exhaustive research.' It does, however, require them to make a reasonable inquiry into the facts. Mere good faith is not enough." *Ins. Ben. Adm'rs, Inc. v. Martin*, 871 F.2d 1354, 1359 (7th Cir. 1989) (citations omitted). In other words, a lawyer does not have to investigate facts to the point of absolute certainty prior to filing. *Kraemer v. Grant Cnty.*, 892 F.2d 686, 689 (7th Cir. 1990). But the investigation must be reasonable under the circumstances. *Id.* "Relevant factors for the court to consider include: Whether the signer of the documents had sufficient time for investigation; the extent to which the attorney had to rely on his or her client for the factual foundation underlying the pleading, motion, or other paper; whether the case was accepted from another attorney; the complexity of the facts and the attorney's ability to do a sufficient pre-filing investigation; and whether discovery would have been beneficial to the development of the underlying facts." *Id.*

Here, plaintiff's counsel had adequate time to investigate. Plaintiff's counsel decided when to file suit. Prior to filing suit, plaintiff's counsel had time to receive information from his client and take steps to verify that information. Plaintiff's counsel acknowledges that he learned of the plaintiff's potential claims prior to July 2025. (R. 13-1 ¶ 1.) The plaintiff filed suit on September 12, 2025, which gave plaintiff's counsel at least eight weeks to investigate. (*See* R. 1.) The plaintiff did not seek a temporary restraining order until approximately three weeks after filing suit. (*See* R. 6.) That provided plaintiff's counsel an additional three weeks to investigate whether the defendant provided a false name and address.

Plaintiff's counsel did not have to rely on his client for this information. This is not a situation where plaintiff's counsel had to rely on his client's recollection of events because other witnesses to those events were unavailable. For example, this case does not concern an unrecorded conversation between the plaintiff and another individual. The plaintiff identified an alleged infringer and provided plaintiff's counsel with the defendant's webstore address. That is information that plaintiff's counsel could, or at least could attempt to, verify. Plaintiff's counsel chose not to investigate that information.[3]

---

[3] In its prior order, the Court revealed the results of its own hasty research concerning the defendant's identity and location. Plaintiff's counsel has not challenged any of the information revealed by that research. When asked at the rule to show cause hearing about the OnBrill trademark registration, plaintiff's counsel indicated that he had not seen it. That's concerning, as plaintiff's counsel insisted that he read the Court's order, which included a screenshot of the OnBrill trademark registration (R. 12 at 7). Even so, the Court will not rely on any of that information in deciding whether plaintiff's counsel violated Rule 11. One reason for this is the Court does not have the means to investigate that

4

Instead, plaintiff's counsel simply took the information provided by his client and filed suit. As Mr. Shen explained, "the client was unable to determine the actual identities of those sellers, as the information displayed on Amazon may not reflect the true identities or individuals behind the stores." (R. 13-2 ¶ 6.) Mr. Shen further explained, "[t]he client confirmed that he had no prior dealings or relationships with them and that they appeared to be independent Amazon or e-commerce sellers." (R. 13-2 ¶ 8.)

In his sworn statement, plaintiff's counsel declared that he "reasonably relied upon statements that the true names and addresses of the defendants were not available." (R. 13-1 ¶ 5.) This version of events minimizes what plaintiff's counsel did and did not do. Mr. Shen explained that the plaintiff told him that the "information on Amazon may not" be true and that the plaintiff had no prior dealings with the defendants. That is a far cry from the defendant providing "false name and physical address information in its registration for the Defendant Online Marketplace Accounts." Not knowing or being able to verify information does not render the information false. Nor does it provide a good-faith basis for asserting that the information is false.

This is not a case where plaintiff's counsel accepted this case from another attorney. This case originated with plaintiff's counsel through Mr. Shen. (R. 13-2 ¶¶ 2-10.) The facts involved are not complex—the issue is whether the defendant is who it said it was on its webstore. And while discovery would have been beneficial to develop facts related to that issue, plaintiff's counsel did not seek that discovery. Rather than ask Amazon to identify who the defendant was, hire an investigator to look into the limited information provided by the plaintiff, or otherwise check to see whether the defendant provided accurate information, plaintiff's counsel claimed—without any evidentiary foundation—that the defendant provided a false name and operated under multiple fictitious names.

Plaintiff's counsel does not claim that he did anything to investigate the defendant's name or address. Plaintiff's counsel knew that the plaintiff identified the defendant as an infringer. (R. 13-1 ¶ 1.) Plaintiff's counsel knew that neither the plaintiff nor Mr. Shen were able to confirm the defendant's identity. (R. 13-1 ¶ 4.) With that information, plaintiff's counsel told this Court, on information and belief, that the defendant provided a false name and address. (R. 7 at 20.) Nothing in the record supports that belief. There is no past experience with the defendant. There is no letter returned to sender. To the extent that plaintiff's counsel suspected that the defendant provided a false name and address, he had a duty to investigate that suspicion. Because he did not, he violated Rule 11.

---

information. But the Court does not have an obligation to investigate anything. That obligation lies with plaintiff's counsel. Accordingly, the focus here remains on whether plaintiff's counsel conducted a reasonable inquiry under the circumstances and whether plaintiff's counsel made factual contentions that lacked evidentiary support.

More troubling is the picture plaintiff's counsel painted of the defendant without knowing anything about the defendant. According to plaintiff's counsel: "[d]efendant has attempted to avoid liability by both concealing both their identities," (R. 7 at 2); "an order authorizing service of process by email and/or electronic publication is proper as a result of the Defendant's intentional efforts to conceal their identifies and operate their business online," (R. 7 at 6); "Defendant has engaged in many deceptive practices in hiding their identities and accounts," (R. 7 at 20); "[p]ast investigation and discovery of Online Marketplace Accounts in similar cases reveal that the Defendant appears to have provided false physical address information to the online marketplaces in order to avoid full liability." (R. 7 at 21.) Plaintiff's counsel has not come forward with any credible evidence that supports any of those claims. And nowhere did plaintiff's counsel tell the Court what he actually knew—that neither his client, Mr. Shen, nor plaintiff's counsel had any prior knowledge or experience with the defendant and that no one had verified or attempted to verify who the defendant was or where the defendant was located.

Sanction

As a sanction for the Rule 11 violation described above, the Court fines plaintiff's counsel $500 and orders plaintiff's counsel to complete two hours of continuing legal education that involves Rule 11, pre-suit investigation, or federal pleading requirements. The CLE is necessary because the Court finds that plaintiff's counsel does not comprehend what Rule 11 requires.

The monetary fine is necessary to deter repetition of this conduct by plaintiff's counsel and by others similarly situated. As to others similarly situated, this Court has cautioned and, at times, sanctioned other plaintiff's counsel who made unfounded allegations or claims in similar cases involving alleged infringement by overseas defendants. And other courts in this district have been troubled by the allegations and claims raised by plaintiff's counsel in similar cases. *See, e.g., Dolls Kill, Inc. v. Mengeryt*, No. 24-2841, slip op. at 3 (7th Cir. Oct. 30, 2025) ("[W]e acknowledge that a flood of similar claims of intellectual property infringement with no particular ties to the Northern District of Illinois have swamped and, understandably, troubled the district courts . . . ."). As to the amount, the Court suspects that an hour or two of research would have avoided this situation. Accordingly, assuming a modest hourly billing rate, the $500 fine serves as a reminder to plaintiff's counsel to take the time to do that research next time.

Date: November 12, 2025

JEREMY C. DANIEL
United States District Judge